L. WEEDEN V. C. D. ARNOLD, J. B. ROLATER AND E. N. BARKER, *Territorial Board of Health of the Territory of Oklahoma.*

1. PHYSICIAN—*License to Practice.* The superintendent of public health of the territory is the proper officer to issue a license to an applicant as a practicing physician, and it is not the duty of the board of public health to issue such license.

2. MANDAMUS—*Will not Issue. Mandamus* will not issue to an officer to require the doing of a thing that has already been done, although the person in whose favor the act was performed may have been entitled to the performance of it upon other grounds than those upon which it was performed; and where it appears, under the indefinite allegations of an alternative writ, that a person claiming the right to be licensed as a practicing physician has already been granted this license by the officer whose duty it would be, in a proper case, to issue it, this is held as an additional reason for refusing the writ of *mandamus* to compel the issuance of such license.

*Original Proceeding in Mandamus.*

*L. G. Pitman,* and *Cutlip & Blakeney,* for relator.

*H. S. Cunningham, Attorney General,* for respondents.

The opinion of the court was delivered by

BIERER, J.:   The relator, L. Weeden, brings this proceeding in *mandamus* to compel C. D. Arnold, as president, J. B. Rolater, as secretary, and E. N. Barker, as treasurer, of the territorial board of health, to register him as a practicing physician, under and by virtue of his diploma as a graduate of the Wisconsin Eclectic Medical college, and by reason of a certificate which he alleges he holds from the territorial board of health, authorizing him to practice medicine and surgery in the Territory of Oklahoma.

Upon the presentation of plaintiff's petition two alternative writs of *mandamus* seem to have been allowed, one by Associate Justice Keaton on the thirteenth day of January, 1897, and the other by Chief Justice Dale on the twelfth day of February, 1897. The matters presented seem to be upon the latter writ, and that one only will be considered.   It contains, however, all that is in the first writ.

The alternative writ contains all the matters set up in plaintiff's petition, and it alleges that defendants are, and were at all times therein stated, members, as above given, of the territorial board of health of the Territory of Oklahoma.   That the Wisconsin Eclectic Medical college is a duly organized and incorporated medical college of the state of Wisconsin, and is located in the city of Milwaukee, that state.   That on the eighth day of September, 1896, said Wisconsin Eclectic Medical college, after due examination as to proficiency and qualification to practice medicine and surgery, granted relator a diploma, showing and entitling relator to the practice of medicine and surgery.   That on the first day of December, 1896, relator presented to said board of health, and to C. D.

Arnold, as president of said board, the diploma of relator from said medical college, with satisfactory proofs, as by law required, that he was a person of good moral character and not an habitual drunkard, together with the fees required by the rules of said board, and requesting that he be given a license, certifying that he is a practicing physician and possesses the qualifications as such, and that this the said board failed to do. That thereafter, on the twenty-seventh day of December, 1896, on the requirement of said board of health, and C. D. Arnold, president thereof, he submitted himself to an examination before said board of health as to his proficiency and qualification to practice medicine and surgery within the Territory of Oklahoma, and that upon such examination he was found duly qualified and was granted a certificate declaring his proficiency in all respects required by law, and his good moral character, and authorizing him to practice medicine and surgery in the Territory of Oklahoma, and that this certificate was signed by Arnold, as president, Rolater, as secretary, and Barker, as treasurer, of said board. Upon this his prayer is that said board be required, by virtue of his said diploma, to license him as a practicing physician of this territory.

The attorney general has presented a motion to quash the alternative writ upon numerous grounds, all of the important ones of which go to the right of relator to maintain his action, on the face of the alternative writ. It is only necessary to consider two of these.

Section 352 of the Statutes of 1893, under which it is claimed by plaintiff, the relator, that he is entitled to the relief demanded, provides that no person shall be permitted to practice medicine in this territory, unless he be a graduate of a medical college, or unless, upon examination before a board composed of the superintendent of

public health and two other physicians to be selected by the territorial board of public health, such person shall be found to be proficient in the practice of medicine and surgery, and shall be found, upon proof, to have been actually engaged in the practice of medicine for a term of not less than five years, and that he is a person of good moral character, and not an habitual drunkard. Under this section any person possessing the qualifications required is entitled, upon the presentation of his diploma, and the affidavit of two reputable citizens from the county where he resides, that he possesses the qualifications of a physician, as therein prescribed, to the superintendent of public health, together with a fee of two dollars, to receive from the superintendent of public health a license, certifying the applicant to be a practicing physician, and having the qualifications as such,

Section 339 of the statutes provides for a territorial board of health, which shall be composed of the president, who shall be the superintendent of public instruction of the territory, and a vice-president, and superintendent of public health. The vice-president is to be some suitable person, a resident of the territory, to be appointed by the governor, and the superintendent of public health is to be a graduate of some medical college recognized by the American Medical association, and a resident of the territory, and is also to be appointed by the governor by and with the advice and consent of the territorial council.

The contention that plaintiff makes is, that while he has been licensed to practice medicine in the territory by the territorial board of health, yet he is entitled to a recognition of the diploma which he holds from this medical college, and to receive a certificate based upon it to practice medicine in this territory. If, as a matter of

fact, he does possess a license, signed by the superintendent of public health, made upon an examination before the authorities duly constituted under the law to examine him as to his qualifications and proficiency to practice medicine, we should hold that even if he was entitled to a license to practice upon this diploma that he would have no right to the relief prayed for, for the reason that he already possessed all that the court could require to be given him, that is, a license to practice medicine.    The court should spend no time in determining whether, although he had procured a license upon an examination, he was also entitled to it upon his certificate of graduation from the medical college.    The law entitles him to a license to practice medicine upon the presentation of the proper certificate of graduation from a medical college, accompanied with the other proofs of residence, good moral character and sobriety.    It also entitles him to this certificate upon the examination required by law, together with similar proofs in the other respects, and of course upon the payment of the legal fee.    Now, whether the superintendent of public health granted the license upon one or the other of these qualifications would make no difference whatever.    It would neither add to nor detract from the rights given him by virtue of such certificate, nor the ability which the holder thereof actually possessed as a member of his profession, and if the superintendent of public health has granted him a certificate upon one of these grounds, it would be a useless waste of time for the court to determine whether or not he was entitled to it upon the other.    Courts do not grant writs of *mandamus* to require a thing to be done that has already been done, because there may be some other ground for doing it than that upon which the action already taken has been based.

But we do not think the plaintiff is entitled to the relief he seeks because the alternative writ, (and his petition contains substantially the same allegations), does not show that he has demanded, nor does it ask the judgment of this court requiring, that this license be granted by the proper officer. He has asked for a certificate to practice medicine and now asks this court to enforce its issuance by C. D. Arnold, as president, J. B. Rolater, as secretary, and E. N. Barker, as treasurer, of the board of health of the territory, when the statute requires that this license shall be issued, when issued, by the superintendent of public health of the territory, and there is no allegation in either the petition or the writ as to who is the superintendent of public health. It is true that the writ does state that relator presented his diploma to the superintendent of said board, but the petition nowhere states who the superintendent of the board is. In connection with this allegation, it is stated that at the same time, he tendered to C. D. Arnold, president of the board of health, the fees required by the rules and regulations of the board for such certificate; but the statute nowhere makes the president of the board of health the proper officer to whom to either present the diploma or other proof of qualification, or of whom to demand the license, or to whom to pay the fee. The statute requires these things to be presented to the superintendent of public health. There is another part of the statute, contained in § 340, which provides that the superintendent of public health shall be the secretary of the board of health; And if Arnold is, as is alleged, president of this board of health, and Rolater is the secretary of the board, then Rolater, and not Arnold, was the proper officer of whom to demand the license, with a tender of the legal fees therefor.

In order that a writ of *mandamus* should issue it should be shown that the party to whom it is awarded is clearly entitled to it; and it should clearly appear that he has demanded the thing sought to be enforced of the proper officer, and made the tender of the fees required to him; and this writ should not be awarded upon indefinite and uncertain allegations.

We do not think relator entitled to the writ in this case, first, because he does not show by clear and unmistakable allegations that this diploma upon which he claims the right to have this license to practice issued has been presented, with the other proofs, and the fee therefor, to the superintendent of public health, the proper officer under the law to issue such license. And, second, because if we applied the statute to these indefinite and somewhat mixed up allegations of the petition and writ, and thereby concluded that as Rolater is secretary of the board of health he is also superintendent of public health of the territory, then we must also conclude that what the relator now demands has already been extended to him in the license which he alleges was signed by C. D. Arnold, president, J. B. Rolater, secretary, and E. N. Barker, treasurer, of the territorial board of health, the secretary of such board, as we have seen, under the statute, being the superintendent of public health of the territory. For these reasons the writ is denied.

There is nothing in the cases of *Barmore v. Dickson*, 28 Pac. 8, and *Dent v. West Virginia*, 129 U. S. 114, relied upon by counsel for petitioner, that conflicts with the views herein expressed.

All the Justices concurring.