CASE 63—ACTION BY LEWIS FLOUNLACKER AGAINST W. T. EIDSON FOR A WRIT OF MANDAMUS TO COMPEL HIM TO ISSUE PLAINTIFF A CITY LICENSE AS A LAUNDRY AGENT.—MAY 13.

## Eidson v. Flounlacker.

APPEAL FROM NELSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MANDAMUS—CITY CLERK—REFUSAL TO ISSUE LICENSE—ORDINANCE.

Held: 1. Civ. Code, 1900, section 477, defines "mandamus" as an order of court commanding an executive or ministerial officer to perform an act enjoined by law, etc. A city, by ordinance, increased the rate of license charged laundry agents; and, on the afternoon of the day the new ordinance became effective, an agent, whose license had not yet expired, paid the city treasurer the former license fee, and demanded another license of the clerk. The clerk was forbidden by the council to issue a license unless the increased fees were paid. HELD, that the issuance of the license for the smaller fee could not be compelled by mandamus.

R. C. CHERRY, ATTORNEY FOR APPELLANT.

### AUTHORITIES CITED.

1. To entitle a party to a mandamus, the right and obligation must exist at the time the writ issues. 19 Am. & Eng. Ency. of Law, pp. 728 and 730.

Eidson v. Flounlacker.

2. Upon the grounds of open dealing, good faith and public policy, the principle contended for by appellee ,would open the door and give to the designing officer or citizen, an opportunity to speculate upon the enactments of a city council. 19 Am. & Eng. Ency. of Law, p. 731.

3. Where a license has been granted already, the court can not compel officer to issue. 5 Okla., 578.

4. More can not be required of a public officer than the law has made it his duty to do. Rowland *ex parte*, 104 U. S., p. 865.

5. Mandamus will not lie to compel performance at an unauthorized time. Gen. Digest, vol. 12, 2622.

JOHN D. WICKLIFFE, FOR APPELLEE.

The city of Bardstown has for several years imposed a license tax upon all kinds of business, among others, on laundry agents. This tax was ten dollars per annum, which appellee had paid regularly and took out his license on April 1 in each year. On March 11, 1902, he paid to the city treasurer the license fee of ten dollars and took a receipt therefor, on which he was entitled to a license for one year. He presented this receipt to the appellant, city clerk, and demanded his license. Appellant took the receipt and promised to issue the license, but failed to do so, and when appellee again demanded the license, appellant refused to issue it, and appellee then brought this suit for mandamus. Appellant filed an answer in which he claimed that an ordinance had been introduced in the city council to increase the tax on a laundry agent to twenty-five dollars, which would become a law before the expiration of appellee's old license, April 1, 1902, and that he was not entitled to take out a new license until the old one expired. A demurrer was sustained to his answer, and failing to plead further judgment, was rendered awarding the mandamus, and defendant has appealed.

The judgment should be affirmed.

Weeden v. Arnold, 5 Okla., 578; 19 A. & E., p. 823, Watts v. Commonwealth, 78 Ky., 329.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellee, Lewis Flounlacker, asked in this suit that a writ of mandamus should issue against the defendant, W. T. Eidson, city clerk of Bardstown, to compel him to issue to him a license to do business as a laundry agent in

the city. He states that on the 11th day of March, 1902, he paid the city treasurer $10, the license tax imposed upon laundry agents by the city ordinances for one year, and took his receipt therefor, which he presented to Eidson, and demanded that he should forthwith issue to him a license as a laundry agent, running from the 11th day of March, 1902, to the 11th day of March, 1903, but which he had, without right, refused to do. The appellant, in the second paragraph of his answer to appellee's petition, alleged that on the 1st day of April, 1901, a license as a laundry agent had been regularly issued to appellee for a term of one year from that date, and that this license was in full force and effect on the 11th day of March, 1902, when he demanded that a new license should be issued to him, covering a part of the time for which he already held a license. And in the third paragraph of his answer he alleges that on the 11th day of February, 1902, at a regular meeting of the city council of Bardstown, there was offered and read an ordinance increasing the license tax upon laundry agents to $25 per annum, and which was passed to the next meeting of the city council, on the 9th day of March, 1902; that on that date the ordinance was passed, and it was in full force and effect more than fifteen days before the expiration of appellee's license as a laundry agent, which had theretofore been issued to him; that appellee knew of the proposed pending ordinance, and sought to renew his license on the afternoon of the day when it became effective, to avoid the effect of this new ordinance, and to defraud the city out of its proper and legitimate revenue; that he called the attention of the city council to the demand of appellee, and was directed, by an order regularly entered upon the city records by the council, not to issue the license, and also directed the city treasurer to return to appellee the $10

which he had received from him through mistake; and that the treasurer did, before the institution of this suit, tender to appellee the $10, which he refused to accept. Appellee demurred generally to the second and third paragraphs of the answer, which was sustained, and, defendant declining to plead further, judgment was entered requiring appellant to issue the appellee a license to do business as a laundry agent from the 11th day of March, 1902, to the 11th day of March, 1903; and, to reverse that judgment this appeal is prosecuted.

Section 477 of the Civil Code of 1900 defines the writ of mandamus "as an order of a court of competent and original jurisdiction commanding an executive or ministerial officer to perform an act or omit to do an act the performance or omission of which is enjoined by law, and is granted on the motion of the party aggrieved or the Commonwealth when the public interest is affected." When this action was instituted by the appellee, on the 28th day of March, 1902, the new ordinance increasing the license fee had become effective, and appellant had been notified by the city council, the governing authority of the city, not to issue licenses to laundry agents, and to appellant in particular, unless he paid a license fee of $25, in compliance with the new ordinance. "The remedy by mandamus rests upon the legal rights of the relator, on the one hand, and on the legal obligations and duties of the respondent, on the other, and can not be predicated solely upon the equitable rights and obligations existing between the parties, and will not lie to compel the performance of an act which is forbidden by or contrary to the provisions of a statute or ordinance, or to compel an inferior officer to do a particular thing, which his superior in authority has lawfully ordered him not to do." See A. & E. Ency. of Law, vol. 19, p. 730. Whatever may

have been the rights of appellee in the premises previous to the passage of the new ordinance, on the 11th day of March, 1902, if he had in good faith complied with the conditions of the existing ordinance, it is clear that after the new ordinance became effective he could not, under the express language of the Code, resort to the writ of mandamus to compel appellant, a purely ministerial officer, to issue a license to him in defiance of the law of the city and the express orders of his superiors. At the date of the institution of this suit, appellant had no power or authority to issue a license to appellee, without there had been previously paid into the city treasury the sum named in the ordinance. And we are inclined to the opinion that as appellee, at the date of his application for a new license, already had a license authorizing him to do business as a laundry agent in the city to the 1st of April, 1902, he could not compel appellant to issue a new license to him before the expiration of the old one, as it was within the rights of the city authorities to change the rate and increase the charge for licenses of this character; and they could not, at the instance of a party who was already enjoying the privilege, be compelled to anticipate the expiration of his license, and grant him a new one to do the same thing. See Weeden v. Arnold, 5 Okl., 578, 49 Pac., 915.

The lower court erred in sustaining a demurrer to the second and third paragraphs of appellant's answer, and the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.